FLORENCE WOODY ET AL., APPELLANTS, v. FRANKLIN J. KELLER, RESPONDENT.

Argued May 28, 1929—Decided February 3, 1930.

For the appellants, *Peter J. McGinnis.*

For the respondent, *Edward M.* and *Runyon Colie.*

The opinion of the court was delivered by

CAMPBELL, J. This is an action for malpractice of a physician in the setting and care of a fractured arm. The defendant first put the injured member in splints and then directed the taking of X-rays which disclosed a fracture. Thereupon the injured part was put in a plaster cast for thirty-six days. When the cast was removed a deformity existed. The only testimony claimed to show negligence or lack of proper care was that of the plaintiff, in which she said the defendant made the following statements when the cast was removed and the result was disclosed, viz.: " 'Oh, well, don't worry,' he says, 'it will come along.' He said, 'We all make mistakes. It will come along all right.' He said, 'I wish it was that way.' Just kept talking that way. So he said, 'Well, of course, it is all—we all make mistakes. We are human. I realize it is my fault, but don't worry, I will make it as straight as a stick in a little while,' a week or ten days, I believe, is the way he always expressed it to me."

This is all that appeared at the conclusion of the plaintiff's case. There was no professional or expert testimony upon the question of negligence.

The trial court directed a nonsuit and from the judgment entered thereon the plaintiffs below appeal and urge that the statements of the defendant, above recited, are admissions of negligence upon his part, proper, and sufficient, to have presented a jury question and, therefore, the nonsuit was error.

We conclude that this is not so.

In *Ely* v. *Wilbur*, 49 *N. J. L.* 685, this court held "that the physician, \* \* \*, undertakes in the practice of his profession that he is possessed of that degree of knowledge and skill therein which usually pertains to other members of his profession." This was followed in the Supreme Court, in an opinion delivered by Mr. Justice Katzenbach in *Smith* v. *Corrigan*, 100 *Id.* 267, and again restated and approved in this court in an opinion by Chancellor Walker in *Lolli* v. *Gray*, 101 *Id.* 337.

In the case *sub judice* there was no evidence of negligence, that is, of lack of such due care and skill as usually pertains to members of the medical profession. Mere mistake or error is not sufficient.

There must be proof of lack of care as before indicated or the plaintiff must fail.

This being the situation here the judgment of nonsuit was proper and must therefore be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, KALISCH, BLACK, CAMPBELL, LLOYD, CASE, BODINE, VAN BUSKIRK, MCGLENNON, KAYS, HETFIELD, DEAR, JJ. 14.

*For reversal*—None.