SIDNEY S. JEDEL, PLAINTIFF-APPELLEE, v. CARL E. TAP-
PER ET AL., DEFENDANTS-APPELLANTS.

Submitted October term, 1935—Decided November 20, 1935.

Before Justices TRENCHARD, HEHER and PERSKIE.

For the appellant, *Carl E. Tapper.*

For the appellee, *Mortimer Eisner.*

The opinion of the court was delivered by

PERSKIE, J.   The plaintiff sued defendants for the balance
due plaintiff for dental services rendered to the defendants
(husband and wife).   Part of the work for the wife consisted
of a bridge.   The wife in support of the counter-claim testi-
fied that the plaintiff agreed to make the bridge to her satis-
faction and that it would be comfortable.   "*Q.* Did Dr. Jedel
agree to make the bridge to your satisfaction?  *A.* Yes, he
said *it would be to my satisfaction,* and *that it would look
nice and would be comfortable.*"   The plaintiff denied any
such undertaking.   "*A.* I [plaintiff] promised to make the
bridge for Mrs. Tapper in the best workmanship possible, to
give her everything I could.  *I made no promises.*  I remem-
ber telling you that it was possible to break the bridge, but
argued and discussed with you that possibly it would be
worth taking the chance and putting the bridge in."

At this posture of the case, the trial judge directed a ver-
dict for the plaintiff and against the defendant husband

(there was a discontinuance as to the wife), and limited the jury to the determination, on the plaintiff's claim, of a disputed difference thereon of $16.

In so doing we think that the trial judge fell into reversible error.

Our courts have not adopted the scintilla of evidence doctrine (*Schmid* v. *Haines,* 115 *N. J. L.* 271; 178 *Atl. Rep.* 801, 804); moreover, no point is made on this score. But even if it had been raised it would not lead to a different result. For the proof as to the undertaking here between the parties was not a mere scintilla of evidence. It was clear and positive; but it was also divergent, and so were the inferences to be drawn therefrom. It, therefore, clearly raised a jury question.

In directing a verdict on the counter-claim and limiting the question submitted to the jury, as aforesaid, the trial judge—among other things said: "I find that the doctor exercised ordinary skill and that was all that was expected of him. When he exercised care and prudence in the application of ordinary skill consistent with his locality he had performed his task."

This is not a correct statement of the law applicable even if there had been no specific undertaking between the parties. The correct principle of law in such cases is that a physician or a dentist undertakes, in the practice of his profession, that he is possessed of that degree of knowledge and skill therein which usually pertains to other members of his profession. *Ely* v. *Wilbur,* 49 *N. J. L.* 685; 10 *Atl. Rep.* 358; *Smith* v. *Corrigan,* 100 *N. J. L.* 267; 126 *Atl. Rep.* 680; *Lolli* v. *Gray,* 101 *N. J. L.* 337; 128 *Atl. Rep.* 256; *Woody* v. *Keller,* 106 *N. J. L.* 176; 148 *Atl. Rep.* 624.

Judgment is reversed; costs to abide the event.